UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------
ANDREW STOBY,

                            Petitioner,

     -v.-                                       9:05-CV-0997
                                                       (DNH)(GHL)
ISRAEL RIVERA, Superintendent,

                            Respondent.
-----------------------------------------------------------------------------

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| OFFICE OF SETH BUCHMAN<br>2098 South Shore Road<br>Three Mile Bay, NY 13693 | SETH BUCHMAN, ESQ. |
| HON. ANDREW M. CUOMO<br>Office of Attorney General<br>State of New York<br>120 Broadway<br>New York, NY 10271 | FREDERICK H. WEN, ESQ. |

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

## ORDER

Petitioner Andrew Stoby filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a Jefferson County Court conviction for attempted assault, assault, reckless endangerment, and criminal possession of a weapon. Dkt. Nos. 1 and 27. Respondent filed a Response in opposition to the Petition. Dkt. No. 17.

After filing the Petition *pro se*, Stoby retained counsel who is now representing Petitioner in this action. Counsel filed a Motion to Amend the Petition that was granted by this Court on December 13, 2006. Dkt. No. 23. The December Order advised the parties that:

> ... the Court has made no determination regarding whether the newly added claims are fully exhausted ... However, in the event counsel believes any claim is not fully exhausted, he shall file a Motion to Stay this action within **thirty days** from the filing date of this Order. *Id.*

Currently before the Court is Petitioner's Motion to Stay this proceeding in order that he may exhaust his state court remedies with regard to his unexhausted claims. Dkt. No. 26. Respondent, relying on *Rhines v. Weber*, 544 U.S. 269 (2005), opposes the Motion, arguing that Petitioner failed to establish good cause for his failure to exhaust, and failed to show that his claims are not plainly meritless. Dkt. No. 31.

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 122 S.Ct. 506 (2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. In cases such as this, where the court apparently is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. The Second Circuit ruled in *Zarvela* that when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however, if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. *Zarvela*, 254 F.3d at 380. The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies." *Id*.

Petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of habeas corpus petitions underlying the AEDPA. Accordingly, in light of *Zarvela*, and in the interest of preserving the viability of Petitioner's claims, the Court grants Petitioner's Motion subject to the limitations set forth herein. Further

proceedings in this matter are hereby stayed in order that Petitioner may promptly pursue his claims in state court and, if necessary, return to this Court after exhaustion is completed.

WHEREFORE, it is hereby

ORDERED, that further proceedings in this matter are hereby **stayed**, on the following terms and conditions: **Within thirty (30) days** from the date of the resolution of Petitioner's CPL §440 Motion, counsel must advise the Court and counsel for the respondent, in writing, of the outcome thereof and must also provide a copy of the state court decision concerning the disposition of the newly exhausted claims, and it is further

ORDERED, that counsel advise the Court and respondent's counsel, in writing, **within sixty (60) days** from the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s), and it is further

ORDERED, that if counsel fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration.

Dated: April 9, 2007
      Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge