UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

ANDREW STOBY,
                     Petitioner,

v.                                                      9:05-CV-0997
                                                      (GTS/TWD)

ISRAEL RIVERA, Superintendent,
                            Respondent.
───────────────────────────────────────

APPEARANCES:                                                    OF COUNSEL:

OFFICE OF SETH BUCHMAN                       SETH BUCHMAN, ESQ.
  Counsel for Petitioner
20298 South Shore Road
Three Mile Bay, New York 13693

HON. ERIC T. SCHNEIDERMAN                  LISA E. FLEISCHMAN, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Andrew Stoby ("Petitioner") filed his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on December 20, 2010. (Dkt. No. 1.) By Report-Recommendation dated December 21, 2011, the Honorable Therese Wiley Dancks, United States Magistrate Judge, recommended that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue. (Dkt. No. 75.) Petitioner has not filed an objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety, and the Petition is denied and dismissed in its entirety.

## I. RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2003 conviction for assault in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon possession in the third degree, but will simply refer the parties to the relevant portions of Magistrate Judge Dancks' Report-Recommendation, which accurately recite that factual background. (Dkt. No. 75 at Part III.)

### A. Petitioner's Claims

In his Petition filed on December 20, 2010, Petitioner asserts the following six claims: (1) a claim that the jury verdict was based on insufficient evidence; (2) a claim that the prosecution "failed to disprove justification defense by credible and sufficient evidence"; (3) a claim that the trial court's justification instruction was flawed; (4) a claim that the prosecutor committed misconduct during summation; (5) a claim that appellate counsel was ineffective; and (6) a claim that trial counsel was ineffective. (Dkt. No. 1.)

### B. Magistrate Judge Dancks' Report-Recommendation

On December 27, 2012, Magistrate Judge Dancks issued her Report-Recommendation. (Dkt. No. 75.) Generally, in her Report-Recommendation, Magistrate Judge Dancks recommends dismissal of the Petition due to Plaintiff's failure to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2) (2006). More specifically, Magistrate Judge Dancks determined as follows: (1) there was sufficient evidence for a reasonable fact finder to determine Petitioner's guilt beyond a reasonable doubt; (2) Petitioner's claim that counsel failed to disprove "justification defense" is procedurally barred; (3) Petitioner's claim that the trial court's justification instruction was flawed is time-barred; and (4) Petitioner's prosecutorial-misconduct claim, ineffective-assistance-of-trial-counsel claim, and ineffective-assistance-of-appellate-counsel claim are also time-barred. (*Id*. at Part IV.B.-G.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary

3

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

---

evidentiary hearing is required.").

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's *Habeas* Petition

As continuance of this action rests on whether the petition was filed outside the statute of limitations period, Magistrate Judge Dancks has recited the legal standard governing review of Petitioner's *habeas* petition pursuant to 28 U.S.C. § 2244(d). (Dkt. No. 75 at Part IV.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

## III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Dancks' Report-Recommendation, the Court can find no error in any of the recommendations made by Magistrate Judge Dancks. Magistrate Judge Dancks employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 75 at Parts IV.B.-G.) As a result, the Court accepts and adopts Magistrate Judge Dancks' Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 75) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1 ) in this matter is **DENIED** and **DISMISSED**. The clerk is directed to enter judgment and close this case; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: February 14, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge